UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUWAN GARDNER, | ) | CASE NO. 1:06 CV 118 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| STUART HUDSON, | ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) | |

On January 17, 2006, petitioner pro se Juwan Gardner filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Gardner is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of aggravated murder, aggravated robbery, and felony mass murder, with a firearm specification, in January 1995. The petition reflects that Gardner filed an unsuccessful motion for delayed appeal in April 2003, and that a subsequent motion to withdraw plea was also denied. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all

available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that 11 years have passed from the date of his conviction to the filing of Gardner's petition. His 2003 delayed appeal and postconviction motion cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action. Searcy v. Carter, 246 F.3d 515 (2001); Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003). Further, none of

the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of a reasonable basis for tolling the one year statute of limitations.[1] Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent 3/6/06
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's assertion that the court should equitably toll the statute of limitations, when it took him over **eight years** to attempt to exhaust state court remedies, is patently unreasonable.

3